884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edward L. MIXON, Jr., Plaintiff-Appellant,
v.
WEIRTON STEEL CORPORATION; Weirton Steel Division, National
Steel Corporation, Defendants-Appellees.
Edward L. MIXON, Jr., Plaintiff-Appellee,
v.
WEIRTON STEEL CORPORATION, Weirton Steel Division, National
Steel Corporation, Defendant-Appellants.
 Nos. 88-2568, 88-2576.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1989.
Decided Aug. 30, 1989.
 
 James D. McNamara for appellant
 Carl N. Frankovitch (Carl H. Hellerstedt, Jr., Volk, Frankovitch, Anetakis, Recht, Robertson & Hellerstedt on brief) for appellees.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation; ERVIN, Chief Circuit Judge, and WILKINS, Circuit Judge.
 PER CURIAM:
 
 
 1
 The questions presented are whether the district court's finding that appellant was not the victim of racial discrimination was clearly erroneous and whether the district court erred in reducing an initial award of attorney's fees and costs to appellees. We find that the evidence amply supports the district court's judgment for appellees and that the court acted within its discretion in reducing the award of attorney's fees and costs.
 
 I.
 
 2
 Appellant Edward L. Mixon, Jr., an employee of appellee Weirton Steel Corporation, was discharged in May 1982 for sleeping on the job. After agreeing to forfeit his seniority, he was reinstated in November 1982 and transferred to a position as a bus driver. In April 1983, he was again discharged for sleeping on the job, but was reinstated in May 1983 after settlement of a grievance proceeding. In March 1984, appellant was diagnosed as suffering from "Sleep Apnea Syndrome," a disease that causes uncontrollable daytime drowsiness. He stopped working in June 1984 and is now receiving disability benefits.
 
 
 3
 Upon receiving this diagnosis, appellant applied to appellees for reconsideration of his earlier disciplinary suspensions and recovery of his forfeited seniority. Appellees refused to reconsider the prior decisions absent evidence of a sleep disorder in 1982 or 1983. Appellant, who is black, then filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of race and retaliation for filing previous EEOC complaints.
 
 
 4
 When EEOC efforts at reconciliation failed, appellant filed this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, and the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981. After a three-day bench trial, the district court found for appellees on all claims. Although concluding that plaintiff had presented a prima facie case of discrimination, the court found that appellees had presented legitimate non-discriminatory reasons for the actions taken against appellant and that appellant had not established that these reasons were pretextual. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-256 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973). The court found that, rather than discrimination, "the major problem is within the individual himself." Transcript of May 18, 1988, at 135. Specifically, the district court determined that appellant had an antagonistic and confrontational attitude toward his work and his supervisors. See id. at 137, 138. The court noted appellant's comment that "whenever I get up in the morning before I put on my shoes, I try to determine how I can screw the company." Id. at 140.
 
 
 5
 The district court held that the suit was frivolous, and ordered appellant to pay appellees $1,050 in attorney's fees and $400 in costs pursuant to Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421 (1978). After appellant filed an opposing motion, the court decided to eliminate the fee award and reduce the award of costs to $200. Appellant challenges the findings of the district court for appellees on all claims, and appellees challenge the elimination of the fee award and the reduction of the award of costs.
 
 II.
 
 6
 A district court's findings of fact will not be disturbed on appeal unless clearly erroneous. This rule is particularly important in discrimination cases, in which "the district court must decide which party's explanation of the employer's motivation it believes." United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983). Appellant presented no direct evidence of discrimination. The district court nevertheless reviewed the evidence and made findings of fact. These fully supported the district court's conclusion that appellant's treatment was due to his antagonistic and confrontational attitude rather than discrimination. We cannot say that the district court's judgments on behalf of appellees were clearly erroneous. In this respect, therefore, the judgment of the district court must be affirmed.
 
 
 7
 The issue of attorney's fees and costs is more difficult. The district court found appellant's claims to be frivolous and initially awarded appellees attorney's fees and costs. Upon motion by appellant to reconsider the award, the district court declined to award attorney's fees and halved the award of costs on the ground that "the full burden of the prior Order is more than the plaintiff can reasonably be expected to bear." Order of June 28, 1988, at 2, Appellee's Supplemental Appendix at 36.
 
 
 8
 Appellees contend that at least some award of attorney's fees must be given in order to deter frivolous suits. Determining the amount of attorney's fees and costs to award, however, is a matter peculiarly within the province of the trial judge. The Supreme Court in Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, supra, 434 U.S. at 421, held that
 
 
 9
 a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation....
 
 
 10
 This language is permissive, not mandatory. Even if a Title VII suit is frivolous, a district court may in its discretion decline to award any fees or costs to the prevailing defendant.
 
 
 11
 A district court may consider a plaintiff's financial condition when setting an amount of fees and costs to award and when deciding whether to award fees and costs at all. See Arnold v. Burger King Corp., 719 F.2d 63, 68 (4th Cir.1983), cert. denied, 469 U.S. 826 (1984). The district court's order vacating its initial award of attorney's fees and halving its initial assessment of costs demonstrates an effort to balance a concern for appellant's financial condition with a need to deter frivolous Title VII lawsuits. We find no abuse of discretion in the district court's modification of its initial award. The judgment of the district court is there
 
 
 12
 AFFIRMED.